# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA J. MCNEIL,<br><br>　　　　Movant,<br><br>　　v.<br><br>SOCIAL SECURITY ADMINISTRATION, OFFICE OF THE INSPECTOR GENERAL,<br><br>　　　　Respondent. | Case No. 1:17-mc-00036-SAB<br><br>ORDER DIRECTING MOVANT TO FILE AMENDED MOTION; THE SUBPOENA, SUMMONS, OR FORMAL WRITTEN REQUEST FROM THE SOCIAL SECURITY ADMINISTRATION; AND RELATED DOCUMENTS FROM THE SOCIAL SECURITY ADMINISTRATION<br><br>THIRTY DAY DEADLINE |

This is a miscellaneous action filed by Movant Patricia J. McNeil ("Movant") challenging Respondent, Social Security Administration, Office of the Inspector General's ("Social Security Administration") attempt to obtain access to her financial records from Comerica Bank/Direct Express Card ("Comerica") pursuant to the Right to Financial Privacy Act of 1978 ("RFPA"). It appears that the Social Security Administration issued a subpoena, summons, or formal written request seeking to obtain Movant's financial records from Comerica.

The RFPA permits challenges by customers[1] of financial institutions to government subpoenas, summonses, and formal written requests. See 12 U.S.C. § 3410(a). These procedures for challenges constitute the sole judicial remedy available to customers who oppose the disclosure of their financial records pursuant to the RFPA. 12 U.S.C. § 3410(e).

Pursuant to 12 U.S.C. § 3410(a), a customer of a financial institution "may file a motion to quash an administrative summons or subp[o]ena, or an application to enjoin a

---

[1] Pursuant to 12 U.S.C. § 3401(5), " 'customer' means any person or authorized representative of that person who utilized or is utilizing any service of a financial institution, or for whom a financial institution is acting or has acted as a fiduciary, in relation to an account maintained in the person's name."

1

Government authority from obtaining financial records pursuant to a formal written request" within "ten days of service or within fourteen days of mailing" of said summons, subpoena, or written request, with "copies served upon the Government authority."[2]  12 U.S.C. § 3410(a).

The motion or application must contain an affidavit or sworn statement:

(1) stating that the applicant is a customer of the financial institution from which financial records pertaining to him have been sought; and

(2) stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter.

12 U.S.C. § 3410(a).

The Supreme Court has held that "[a] customer's ability to challenge a subpoena is cabined by strict procedural requirements."  S.E.C. v. Jerry T. O'Brien, Inc., 467 U.S. 735, 745 (1984).  "If the court finds that the customer has complied with [section 3410(a)], it shall order the Government authority to file a sworn response, which may be filed in camera, if the Government includes the reasons which make in camera review appropriate."  12 U.S.C. § 3410(b).

Here, Movant has submitted a sworn statement stating that she is a customer of Comerica and that the financial records sought by the Social Security Administration should not be disclosed on the following bases: 1) Movant needs to find legal representation and there is not enough time; 2) It took Movant a week to understand the subpoena, summons, or request; and 3) "Soc. Sec. has all information and give in consent for records."  (ECF No. 1 at 2.)[3]  Movant has not explained why she believes that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the RFPA.  Movant shall file an amended motion which includes an affidavit or sworn statement that states the Movant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the

---

[2] Service must be made "upon a Government authority by delivering or mailing by registered or certified mail a copy of the papers to the person, office, or department specified in the notice which the customer has received pursuant to this chapter."  12 U.S.C. § 3410(a).

[3] Page numbers refer to those as indicated on the upper right corners via the CM/ECF court docketing system.

2

Government authority in its notice, or that there has not been substantial compliance with the RFPA. The amended motion will supersede the original motion, so it must be complete in itself without reference to the original motion. Movant must serve the amended motion on the Social Security Administration pursuant to the requirements in 12 U.S.C. § 3410(a).

Further, Movant has not filed a copy of the subpoena duces tecum, summons, or formal written request issued by the Social Security Administration requesting financial documents from Comerica, or a copy of the related documentation that the Social Security Administration sent to her. Currently, the Court cannot assess whether the timeliness and service requirements in 12 U.S.C. § 3410(a) have been met. Movant shall file a copy of the subpoena duces tecum, summons, or formal written request that she received from the Social Security Administration and any related documents that she received from the Social Security Administration.

Accordingly, IT IS HEREBY ORDERED that:

1. Within **THIRTY (30) days** of the date of service of this order, Movant shall file:
    a. an amended motion;
    b. a copy of the subpoena duces tecum, summons, or formal written request that she received from the Social Security Administration; and
    c. a copy of any other related documents that she received from the Social Security Administration;
2. Movant shall serve the amended motion on the Social Security Administration pursuant to the requirements in 12 U.S.C. § 3410(a); and
3. Movant is advised that failure to comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated: __**June 15, 2017**__

UNITED STATES MAGISTRATE JUDGE