# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA J. MCNEIL,<br><br>    Movant,<br><br>    v.<br><br>SOCIAL SECURITY ADMINISTRATION, OFFICE OF THE INSPECTOR GENERAL,<br><br>    Respondent. | Case No. 1:17-mc-00036-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING MATTER FOR FAILURE TO PROSECUTE<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

This is a miscellaneous action filed by Movant Patricia J. McNeil ("Movant") challenging Respondent, Social Security Administration, Office of the Inspector General's ("Social Security Administration") attempt to obtain access to her financial records from Comerica Bank/Direct Express Card ("Comerica") pursuant to the Right to Financial Privacy Act of 1978 ("RFPA"). On June 16, 2017, an order issued directing Movant to file an amended motion within thirty days. Movant did not file an amended motion and on August 1, 2017, a order requiring Movant to show cause why this action should not be dismissed for failure to comply with the June 16, 2017 order was filed. Movant was provided with ten days in which to show cause. More than ten days have passed and Movant has not filed a response to the order to show cause or otherwise responded to the August 1, 2017 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate,

including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  Id. (citation omitted).

In this instance the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226.  Movant was ordered to file an amended motion within thirty days of June 16, 2017.  Movant was provided with the legal standards that apply to the motion and what was required in order to correct the deficiencies in the motion file don June 12, 2017.  Movant has neither filed an amended motion nor otherwise responded to the Court's order.  Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this matter towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Movant's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The June 15, 2017 order advised movant that the failure to file an amended motion would result in dismissal of this action. (ECF No. 2 at 3.) Further, the Court's August 1, 2017 order requiring Plaintiff to file an amended motion expressly stated: "**Plaintiff is forewarned that the failure to show cause may result in the imposition of sanctions, including the dismissal of this action for failure to obey a court order and to prosecute.**" (ECF No. 3 at 2 (emphasis in original.) Thus, Movant had adequate warning that dismissal would result from her noncompliance with the Court's order.

Accordingly, IT IS HEREBY RECOMMENDED that this matter be DISMISSED for Movant's failure to file an amended motion and failure to respond to the order to show cause.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, Movant may file written objections to this findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Movant is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v.

<u>Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 22, 2017**

_____
UNITED STATES MAGISTRATE JUDGE